# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**ELBERT PHILLIP LONG**                                                                     **PETITIONER**

**v.**                                    **CIVIL ACTION NO. 4:10CV-P107-M**

**COMMONWEALTH OF KENTUCKY**
**JACK CONWAY, ATTORNEY GENERAL**                           **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

Petitioner Elbert Phillip Long, a convicted inmate at the Kentucky State Penitentiary, initiated this action by filing a *pro se* petition and supporting memorandum which he styles as a writ for a declaratory decree pursuant to 28 U.S.C. §§ 2201–02. This matter is before the Court on initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Upon consideration, the instant action will be dismissed.

According to Petitioner, he was tried before a jury in April 1977 in Daviess County for the offenses of murder and criminal attempt to commit first-degree rape. Petitioner was sentenced on May 3, 1977, to life imprisonment for murder and to five years imprisonment for the attempted rape, with the sentences to be served consecutively. He claims that because the verdicts were defective,[1] the sentence imposed was unlawful and entered without jurisdiction

---

[1]To the complaint, Petitioner attaches a September 22, 2006, Opinion of the Kentucky Court of Appeals, wherein they affirmed the lower court's decision to deny his petition for habeas corpus and

under the Kentucky Sentencing Guidelines and, therefore, was void *ab initio*. He, therefore, asks the Court to enter a declaratory decree "on the grounds that he was denied due process on a 'Defective Trial Jury Verdict,' and that his current incarceration is in violation of the Kentucky Penal Code, and otherwise unlawful under the Constitution of the United States, and the Commonwealth of Kentucky Constitution."

Petitioner states that the "primary jurisdiction" invoked for his case is the federal Declaratory Judgment Act. That Act is an "enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant" to have a case heard in federal court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)); *Aetna Cas. & Sur. Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996). It does not provide an independent basis for federal jurisdiction. *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992) (per curiam). Before invoking the Declaratory Judgment Act, a federal court must "have jurisdiction already" under some other federal statute. *Heydon v. MediaOne of S.E. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). In short, Petitioner cannot invoke the Declaratory Judgment Act as the "primary vehicle" for this Court's jurisdiction.

Petitioner lists, however, the following "secondary vehicles" for jurisdiction in this action: (1) a writ of scire facias; (2) writs of habeas corpus pursuant to 28 U.S.C. §§ 2241 and

---

declaratory relief. *See* No. 2005-CA-002065. According to the appellate court, both verdicts were defective as the murder verdict did not specify that the jury was finding him guilty of murder (only that it was finding him guilty under instruction number one, where the facts constituting the elements of murder were alleged) and the attempted rape verdict mistakenly omitted the word "attempted." The appellate court found, however, that neither defect rendered the verdict infirm because the indictment; the jury instructions; and, with respect to the attempted rape verdict, the sentence make absolutely clear what crimes the jury found.

2254; (3) a civil rights action pursuant to 42 U.S.C. § 1983; (4) a conspiracy action under 42 U.S.C. § 1985; (5) an action for neglect to prevent civil rights violations pursuant to 42 U.S.C. § 1986; and (6) proceedings in vindication of civil rights pursuant to 42 U.S.C. § 1988.

Petitioner seeks two types of relief – declaratory and damages. As to the declaratory relief, he wants the Court to "declare [his] legal and Constitutional Rights to due process and equal protection of the law" and to "declare that [he] has been wrongfully, unlawfully, and falsely imprisoned for Offenses he was in fact never convicted of committing for thirty-four (34) years." Petitioner additionally seeks compensatory damages associated with his "unlawful and fraudulent incarceration" as well as punitive damages.[2]

In looking to the "secondary vehicles" Petitioner has listed, neither a writ of scire facias nor 42 U.S.C. § 1988 provide an avenue by which to bring this purported declaratory action. Rather, the writ of scire facias has been abolished, *see* Fed. R. Civ. P. 81(b),[3] and "section 1988 does not create independent causes of action, it simply 'defines procedures under which remedies may be sought in civil rights actions.'" *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988) (quoting *Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir. 1985)); *Donaldson v. Hovanec*, 473 F. Supp. 602, 609 (E.D. Pa. 1979) (concluding that "§ 1988 does not create a remedy, but

---

[2]Petitioner additionally asks this Court to enter a protective order barring Respondents or their agents "from taking any retaliatory actions against [him] pending the final outcome of these proceedings." Any claim that he may be retaliated against for filing this action is sheer speculation and, therefore, fails to justify the issuance of a protective order.

[3]"The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules." Fed. R. Civ. P. 81(b). "The relief formerly available by scire facias included the revival of judgments, the enforcement of payment of costs, and the enforcement of or recovery on a forfeited recognizance or bail bond." 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3134 (2d. ed. 1994).

merely complements other statutes that do create federal causes of action, furnishing suitable remedies through principles of state law when the federal law is unsuited or insufficient" and citing *Moor v. Alameda County*, 411 U.S. 693, 702 (1973) ("Section 1988 does not enjoy the independent stature of an 'Act of Congress providing for the protection of civil rights.' Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights.") (citation omitted)).

This leaves consideration of Petitioner's "secondary vehicles" of jurisdiction by way of civil rights actions and habeas actions.

While the Court has jurisdiction over civil rights actions, an action under 42 U.S.C. §§ 1983, 1985, and 1986 fails as it is barred by Eleventh Amendment immunity and by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the Eleventh Amendment to the U.S. Constitution,[4] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting §§ 1983 and 1985, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188

---

[4]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

(6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)); *McCrary v. Ohio Dep't Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity); *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at * 2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."); *see also Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation"). The Eleventh Amendment similarly bars the damages claims against Attorney General Conway, a state official sued in his official capacity.[5] *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

Further, under *Heck* and its progeny, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Heck*, 512 U.S. at 489 ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

---

[5]Petitioner fails to specify in which capacity he sues Conway. In a civil rights action, it is a plaintiff's affirmative duty to plead the capacity in which he is suing a defendant. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether a defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). Here, the Court finds that given the nature of the claims that Petitioner has not sufficiently notified Conway of the potential for individual liability. Even if Petitioner has sued Conway in his individual capacity, he has failed to state a claim because he alleges no facts involving Conway, and the *Heck* doctrine bars the civil rights claims.

5

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Because a determination in Petitioner's favor would undermine the validity of his confinement or its duration and because Petitioner seeks compensatory and punitive damages associated with his 34 years of "unlawful and fraudulent incarceration," a declaration that his constitutional rights were violated, and a declaration that the judgment in his criminal conviction is "void *ab initio*," the *Heck* doctrine bars an action under §§ 1983, 1985, and 1986. *See*, *e.g.*, *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003) (recognizing other jurisdictions that have extended *Heck* to claims under § 1985 and applying that principle to the § 1985 case at hand).

As to the habeas statutes under which Petitioner seeks to bring this action, damages are not available as relief, and any declaration that Petitioner's constitutional rights were violated and that he has been "wrongfully, unlawfully, and falsely imprisoned for Offenses he was in fact never convicted of committing" necessarily requires an immediate or speedier release. Once a state-court criminal judgment has been entered against an individual, an immediate or speedier release is available only through a writ of habeas corpus. "Courts interpret § 2241 as the statutory grant of authority to issue habeas writs, and § 2254 as implementing that authority with respect to state prisoners," s*ee Allen v. White*, 185 F. App'x 487, 489 (6th Cir. 2006), and "there exists some question whether state prisoners may *ever* proceed under § 2241." *Id.* at 490. Therefore, because damages and release from state custody are not compatible types of relief to be adjudicated together in one action, should Petitioner seek to pursue his constitutional

6

challenges to his current incarceration, he must fill out and file a Court-approved form for filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  **The Clerk of Court is DIRECTED to send Petitioner a § 2254 packet should he wish to seek such relief in this Court.**

For the reasons set forth more fully above, the instant action must be dismissed for failure to state a claim upon which relief may be granted and/or for seeking damages from those immune from such relief.

The Court will enter a separate Order of dismissal.

Date:

cc: Plaintiff, *pro se*
 Kentucky Attorney General
4414.005